IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN ERIC WALKER,

    Petitioner,                    No. CIV-S- 09-0304 GEB KJM P

    vs.

J.W. HAVILAND, Warden,         ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus raising a single ground for relief: that the "unreasonable risk of danger" factor for parole suitability as applied to him is unconstitutionally vague and violates his right to due process. He supports this claim with an examination of the reasons the panel denied him parole, focusing on the panel's discussion of petitioner's explanation of the commitment offense. Petition (Pet.) at 24-27.[1]

        Respondent has filed a motion to dismiss arguing that the petition was filed outside the statute of limitations and that this court cannot reach the claim because of a procedural default.

---

[1] Page references to the petition are to those assigned by the court's CM/ECF system.

1

Petitioner seeks sanctions against respondent on the ground that the motion is a sham pleading.

I. Procedural Background

On July 13, 2007, petitioner appeared before the Board of Parole Hearings, which denied his application for parole. Pet., Ex. 1 at 143-150. As part of the denial, the panel said that the psychiatric evaluation from 2004 was "sorely lacking in information" and so it would request that a new evaluation be prepared before the next hearing. Id. at 147. The panel told petitioner he appeared to be "very arrogant, not very humble. We call that narcissism." Id. at 144. It recommended that petitioner "not intellectualize so much" and "continue with self-help," as well as learn a trade. Id. at 149-150.

On August 11, 2007, petitioner filed a petition for a writ of habeas corpus in San Diego County Superior Court. Petitioner sought an order enjoining the Board of Parole Hearings from directing the preparation of a new psychological evaluation when there was no evidence supporting the panel's belief about petitioner's mental health; enjoining the Board from requiring petitioner to follow through with the panel's other requests because there was no evidence that petitioner would be required to do so in order to be found suitable; enjoining Board members from "their unlawful practice of rendering psychological advice" and recommending treatment when there was no evidence that petitioner needed treatment. Petitioner said there was no administrative review available for these claims. Motion To Dismiss (MTD), Ex. 1. Petitioner supported this initial state petition with the decision portions of parole hearing transcripts not only from the 2007 hearing, but also from 2003, 2004 and 2005. Id.

On November 2, 2007, the San Diego County Superior Court found that petitioner had not stated a prima facie case for relief. It noted that because he had not provided the entire transcript of the July 13, 2007 hearing, it could not determine whether there was "some evidence" supporting the denial of release. The court also said that institutional activities, mental health and marketable skills were all factors relevant to the parole determination. MTD, Ex. 2.

1    Petitioner returned to the Superior Court on December 7, 2007.  He said he would
2 dismiss the earlier petition if it would "conflict with or disparage the resolution" of the second
3 habeas action.  MTD, Ex. 3 ¶ 7.  This petition raised the following grounds: (1) the fact that he
4 maintained his innocence does not show he would be a danger if released; (2) his commitment
5 offense and the events surrounding it are compatible with the minimum elements necessary to
6 sustain the conviction; (3) the panel's other reasons are not supported by reliable evidence and
7 are not based on detailed standards; and (4) basing the denial on his refusal to admit guilt
8 violated his rights.  Id. Ex. 3 at 12-37.
9    On February 1, 2008, the Superior Court denied the second petition, finding that
10 "the BPH did consider the requisite factors, but the major concern was the nature of the
11 commitment offense and Petitioner's lack of acceptance of his role in, and attitude toward that
12 crime.  Together, these factors provided an uncertainty about future behavior about which the
13 BPH was not willing to risk at this time or in the next two years."  MTD, Ex. 4 at 5.
14    Petitioner filed his next collateral attack in the Court of Appeal on February 14,
15 2008.  MTD, Ex. 5.  It raised the same grounds presented in the second superior court petition.
16 Id.  The Court of Appeal denied this petition in an order filed December 9, 2008.  MTD, Ex. 6.
17    On December 16, 2008, petitioner filed a petition for review in the California
18 Supreme Court, with three questions presented for review: (1) does a panel's reinterpretation of
19 the criteria for parole suitability violate an inmate's right to due process; (2) did the panel's
20 denial violate petitioner's right to due process when it was based on evidence of which petitioner
21 was not given notice, evidence not introduced at the hearing and on the commissioners' beliefs;
22 and (3) is petitioner required to admit guilt and show remorse in order to be given a parole date?
23 MTD, Ex. 7.  This petition for review was denied on January 28, 2009.  MTD, Ex. 8.
24    On February 2, 2009, petitioner filed a petition for a writ of habeas corpus in the
25 California Supreme Court.  This petition raised a single ground:  the "unreasonable risk of
26 danger" factor as applied to petitioner is unconstitutionally vague and violates his right to due

1  process. MTD, Ex. 9. The petition in this case, raising the same ground, was filed February 3,
2  2009.
3        The Supreme Court denied this last state petition on July 15, 2009 with citations
4  to In re Clark, 5 Cal.4th 750 (1993) and Ex parte Miller, 17 Cal.2d 734 (1941). MTD, Ex. 10.
5  II. Procedural Default
6        Respondent argues that the last order from the California Supreme Court, denying
7  the petition on procedural grounds, prevents this court from reaching the merits of this petition.
8        A federal court will not review a claim of federal constitutional error raised by a
9  state habeas petitioner if the state court determination of the same issue "rests on a state law
10  ground that is independent of the federal question and adequate to support the judgment."
11  Coleman v. Thompson, 501 U.S. 722, 729 (1991). This rule also applies when the state court's
12  determination is based on the petitioner's failure to comply with procedural requirements, so
13  long as the procedural rule is an adequate and independent basis for the denial of relief. Id. at
14  730. For the bar to be "adequate," it must be "clear, consistently applied, and well-established at
15  the time of the [] purported default." Fields v. Calderon, 125 F.3d 757, 762 (9th Cir. 1997). For
16  the bar to be "independent," it must not be "interwoven with the federal law." Michigan v. Long,
17  463 U.S. 1032, 1040-41 (1983). If an issue is procedurally defaulted, a federal court may not
18  consider it unless the prisoner can demonstrate cause for the default and actual prejudice as a
19  result of the alleged violation of federal law, or demonstrate that failure to consider the claims
20  will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 749-50.
21        Petitioner argues that the California Supreme Court's July 2009 order cannot
22  effect a default of the claims raised in this petition filed in February 2009, because the issue
23  raised in this petition was also addressed in the Court of Appeal petition filed in February 2008
24  and again in the Petition for Review of that denial filed in December 2008. Respondent counters
25  that the previous action did not explicitly raise a claim that the criteria applied to petitioner were
26  unconstitutionally vague. Reply at 1.

In the Court of Appeal, petitioner based his due process challenge on the purported arbitrary and capricious action of the panel and on the panel's purported failure to notify him before the hearing that he could be found unsuitable for parole because it did not believe his version of the crime. MTD, Ex. 5 at 12-14. In the Supreme Court petition, however, he alleges that "'the unreasonable risk of danger rule as applied to Walker' [sic] case, and as applied in all applications to his case is impermissibly vague." MTD, Ex. 7 at 16. The Supreme Court's denial of this petition on the merits can be deemed to encompass a denial on the vagueness argument as well. See Cooley v. Superior Court, 29 Cal.4th 228, 250 (2002); Cal. Rules of Ct. 8.516; but see People v. Estrada, 11 Cal.4th 568, 580 (1995). The procedural ruling cannot serve as a bar when his first attempt was rejected on the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991) ("state rules against superfluous recourse have no bearing" on the ability to raise an issue in federal court); see also Phelps v. Alameida, 569 F.3d 1120, 1129 (9th Cir. 2009), cert. denied, __ U.S. __, 130 S.Ct. 1072 (2010) (recognizing the "two methods by which a petitioner may seek review by the California Supreme Court after a *habeas* petition is denied by the Court of Appeal. The preferred method is by a petition for review. . . ."). No procedural bar prevents this court from reaching the merits of petitioner's claim.

III. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a statute of limitations for filing a federal habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. In parole cases, the date that triggers the federal statute of limitations is the date on which the factual predicate of the claims could have been discovered, which is generally the finality of the decision to deny parole, 120 days after the determination is made. Redd v. McGrath, 343 F.3d 1077, 1082-83 (9th Cir. 2003); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Baker v. Kramer, 2010 WL 1027537, at *3 (E.D. Cal.); 15 Cal. Code Regs. § 2041(h).[2] In this case, the decision to deny parole was final on November 12, 2007.[3] Accordingly, the statute of limitations began to run on November 13, 2007, and would have expired on November 13, 2008, absent any tolling; without such tolling, the instant petition is not timely.

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). In the parole context, the "judgment" is the particular parole decision being challenged. Birl v. California Board of Parole Hearings, 2007 WL 1711437, at *4 (E.D. Cal.). In addition, in Carey v. Saffold, 536 U.S. 214, 218-21 (2002), the Supreme Court held that the AEDPA statute of limitations is tolled not only between the actual filing and decision on a writ, but also during

---

[2] When Redd and Shelby were decided, California regulations provided for an administrative appeal from the denial of parole; this has now been eliminated. Woods v. Salazar, 2009 WL 2246237 at 2 n.5 (C.D. Cal. 2009).

[3] The 120th day fell on a Sunday and so does not count in the calculation. Cal. Civ. Code §§ 10, 12; Cal. Gov't Code § 6700.

1  those periods between filings as a petitioner works his or her way "up the ladder" through higher
2  courts to complete "one full round" of state court review of claims. Id. at 217, 219-20.
3  However, in Evans v. Chavis, 546 U.S. 189 (2006), the Supreme Court directed the federal
4  courts to determine whether a "gap" petition was delayed unreasonably, even when a state court
5  did not deny the petition as untimely. The court suggested that a gap longer than the thirty to
6  sixty days permitted in states with written rules for filing might be reasonable, while six months
7  would not be. Id. at 201.

8  In this case, petitioner's first superior court petition was filed and denied before
9  the statute of limitations began to run and so has no impact on the tolling question presented by
10 this case. Compare Tillema v. Long, 253 F.3d 494, 502 (9th Cir. 2001) (state petition filed
11 before the statute of limitations had begun to run but decided after the limitations period began
12 had tolling effect); Sorce v. Artuz, 73 F.Supp.2d 292 (E.D.N.Y. 1999) (state petition pending at
13 time limitations period began to run delayed start until state issued decision). However, his
14 subsequent petitions, beginning with the second Superior Court petition filed on December 7,
15 2007, through the petition for review denied on January 28, 2009, tolled the statute of limitations,
16 because the gaps between the petitions were approximately two weeks each.

17 Respondent argues that petitioner is not entitled to tolling for this period because
18 the earlier petitions did not raise the precise issue presented to this court. As noted above,
19 petitioner did raise the current issue in his petition for review, filed December 16, 2008. But the
20 fact that the earlier petitions did not raise the precise issue presented to this court does not mean
21 they have no tolling effect. In Welch v. Newland, 267 F.3d 1013, 1017 (9th Cir. 2001), the Ninth
22 Circuit recognized that a collateral attack on the pertinent judgment will toll the time even if the
23 petitioner does not raise the same claims in federal court that he pursued in state court. See also
24 Tillema, 253 F.3d at 500. As noted above, the "pertinent judgment" in this case is the 2007
25 parole denial; because each of his petitions challenged that denial, petitioner is entitled to tolling
26 for them. Accordingly, petitioner is entitled to tolling for the entire period between the filing of

his second Superior Court petition to the denial of the petition for review filed in the California Supreme Court. When this second Superior Court writ was filed, only twenty-four days of the limitation period had run. The statute of limitations began to run again on January 29, 2009; the federal petition was filed on February 3, 2009, only six days later. The instant action is timely.

IV. Motion For Sanctions

Petitioner has asked that respondent be sanctioned for filing the motion to dismiss. In support, he rehashes his opposition to the motion. The court does not find respondent's arguments frivolous or made in bad faith, and so does not find that the imposition of sanctions is appropriate.

IT IS THEREFORE ORDERED that petitioner's motion for sanctions (docket no. 18) is denied.

IT IS THEREFORE RECOMMENDED that respondent's motion to dismiss (docket no. 15) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 22, 2010.

_____
U.S. MAGISTRATE JUDGE

walk0304.mtd